IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| VALERIE PHILLIPS,[1] | § | |
| | § | No. 471, 2023 |
| Petitioner Below, | § | |
| Appellant, | § | Court Below—Family Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | File No. CN14-03321 |
| ANDREW FORD, | § | Petition No. 21-26510 |
| | § | |
| Respondent Below, | § | |
| Appellee. | § | |

Submitted: July 24, 2024
Decided: August 12, 2024

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

## **ORDER**

After consideration of the parties' briefs and the record on appeal, we conclude that the judgment below should be affirmed on the basis of and for the reasons assigned by the Family Court in its November 1, 2023 order dismissing appellant's petition for *de facto* parentage and its November 29, 2023 order denying reargument.[2]

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

[2] We agree with the Family Court that the consent of both parents is needed under 13 *Del. C.* § 8-201(c)(1) when, like here, a child has two legal parents. As the Family Court acknowledged, if the phrase "parent or parents" is interpreted to mean that only the consent of one parent is needed when a child has two legal parents, the rights of the other legal parent could be diluted. *See* 13 *Del. C.* § 8-201(c)(1) ("De facto parent status is established if the Family Court determines that the de facto parent[] . . . [h]as had the support and consent of the child's parent or parents who fostered the formation and establishment of a parent-like relationship between the child and the de facto parent.") But we question the Family Court's reliance on the Court of Appeals of Maryland's

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice

---

decision in *E.N. v. T.R.*, 255 A.3d 1 (Md. 2021) (cited in footnote 42 of the court's November 1 order) for its statement that "[c]ourts in varying jurisdictions have interpreted 'parent or parents' statutory language to mean if there are two legal parents, a prospective de facto parent must demonstrate *both* parents have consented." The Maryland court, to be sure, held that "where there are two legal parents, a prospective *de facto* parent must demonstrate that both legal parents consented to and fostered such a relationship or that a non-consenting legal parent is unfit or exceptional circumstances exist." *Id.* at 30. De facto parentage, however, is a creature of the common law in Maryland, which has not enacted the Uniform Parentage Act. Thus, the Maryland court was not engaged in statutory interpretation as the court suggested here. Moreover, the Maryland court did not cite cases from other jurisdictions for the specific proposition ascribed to it by the court in this case. Given this and the parties' failure to cite cases from other jurisdictions interpreting statutory language similar to 13 *Del. C.* § 8–201 (c), we decline to adopt the Family Court's statement regarding how "[c]ourt's in varying jurisdictions" have answered the question before it.